UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Keyon Clinton,

            Petitioner,    Case No. 15-cv-11652
                                  Hon. Judith E. Levy
v.                                       Mag. Judge Michael J. Hluchaniuk

Jeffery Woods,

            Respondent.

_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY AND HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE [5]**

Keyon Clinton ("Petitioner") is a Michigan state prisoner, and filed his petition under 28 U.S.C. § 2254. Petitioner was convicted in the Macomb Circuit Court of multiple offenses, including kidnapping, armed robbery, conspiracy to commit armed robbery, and possession of a firearm during the commission of a felony. According to the petition, Petitioner is serving a controlling sentence of thirty-five to sixty years' imprisonment for these offenses and a consecutive two-year term for the firearm conviction. The petition, as presently constituted, raises six

claims: (1) new reliable evidence proves that Petitioner is actually innocent, (2) Petitioner was denied counsel at a critical stage of the proceedings, (3) Petitioner's due process rights were violated by the unreliable identification testimony of the sole eyewitness, (4) the sole eyewitness gave false and perjured testimony, (5) Petitioner was denied the effective assistance of trial counsel, and (6) Petitioner was denied the effective assistance of appellate counsel.

Before the Court is Petitioner's motion to stay his case so he can return to the state courts and exhaust two additional claims that he asserts are based on newly discovered evidence. (Dkt. 5.) Specifically, Petitioner claims that his trial counsel failed to communicate a plea offer made by the prosecution, violating his rights under *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). Petitioner also claims to have discovered evidence that the jurors were exposed to an extraneous influence in violation of his Sixth Amendment rights.

For the reasons set forth below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion and order to permit Petitioner to exhaust his new claim.

I.  Background

Following his conviction and sentence, Petitioner pursued an appeal of right. The Michigan Court of Appeals affirmed in an unpublished opinion. *People v. Clinton*, No. 261378, 2006 Mich. App. LEXIS 3015, at *9 (Mich. Ct. App. Oct. 17, 2006). The Michigan Supreme Court denied leave to appeal.

Petitioner filed a motion for relief from judgment in the trial court, and the motion was denied by order dated August 27, 2010. (Dkt. 1-2 at 7-11.) Reconsideration was denied on September 29, 2010. (Id. at 12-14.) Petitioner appealed this decision, but the Michigan Court of Appeals denied relief, and the Michigan Supreme Court subsequently denied relief as well. (Id. at 14-15.)

Petitioner claims to have received new evidence regarding some of his claims presented in his habeas petition after his first state post-conviction proceeding. Based on this, he filed a second motion for relief from judgment in the trial court in January 2013. (Id. at 16-21.) The trial court denied the motion by order dated September 20, 2013. (Dkt. 1-4 at 1.) Petitioner appealed this decision, but relief was denied by both state appellate courts. (Dkt. 1-5 at 27, 38.)

Petitioner filed the instant action on May 7, 2015.

**II. Discussion**

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner seeks a stay because, although the claims raised in the petition are exhausted, he would like to raise two additional, unexhausted claims in state court.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would potentially jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Here, Petitioner's unexhausted claims are not plainly meritless, and he does not appear to be engaged in dilatory litigation tactics. He has alleged good cause for not previously exhausting his new claims because they are allegedly based on newly discovered evidence.

4

Moreover, Respondent has not filed a response in opposition to Petitioner's motion to stay.

Petitioner appears to have an available state remedy to exhaust—a motion for relief from judgment under subchapter 6.500 of the Michigan Court Rules. Michigan Court Rule 6.502(G)(1) generally permits a defendant to file only one motion for relief from judgment. And Petitioner has already filed two motions for relief from judgment. But Michigan Court Rule 6.502(G)(2) permits a defendant to file a successive motion for relief from judgment under certain, limited circumstances, including when the defendant's claims are based upon newly discovered evidence.

Therefore, an avenue for exhaustion may remain available to Petitioner in state court. Moreover, dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one year statute of limitations under 28 U.S.C. § 2244(d). The Court thus concludes that it is not an abuse of discretion to stay this case while Petitioner pursues additional state remedies.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should

5

place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay pursuing his state court remedies, tolling is conditioned on Petitioner diligently pursuing relief in the state courts by filing a motion for relief from judgment in the trial court within sixty days of this order, pursuing a timely appeal in the state courts if the motion is denied, and then returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

### III. Conclusion

Petitioner's motion to stay (Dkt. 5) is granted. The petition for writ of habeas corpus shall be held in abeyance pending completion of Petitioner's state application for post-conviction relief. This tolling is conditioned upon Petitioner filing his motion for relief from judgment within sixty (60) days of this order and then re-filing his habeas petition—using the case number already assigned to this case—within sixty (60) days after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See, e.g.*, *Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

IT IS SO ORDERED.

Dated: April 18, 2016          s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 18, 2016.

                                           s/Felicia M. Moses
                                           FELICIA M. MOSES
                                           Case Manager